COURT
OF APPEALS

SECOND DISTRICT
OF TEXAS

FORT WORTH

 

 

NO. 2-07-008-CV

 

 

 

KENT-ANDERSON CONCRETE, L.P.                                                 APPELLANT

D/B/A ANDERSON CONCRETE

CONSTRUCTION COMPANY

                                                    

   V.

 

JOHN
NAILLING, STEVEN                                                      APPELLEES

WASHBURN, KENNETH
WASHBURN,

BRENNAN WEBBER, DONALD J.

ANDERSON, JR., ENTERPRISE

CONCRETE MANAGEMENT,
L.L.C.,

ENTERPRISE CONCRETE

CONSTRUCTION, L.P., AND
GENESIS

CONCRETE, L.L.C.

 

------------

 

FROM THE
362ND DISTRICT COURT OF DENTON COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

 

 








I. 
Introduction

In this
accelerated appeal, although the trial court entered a temporary injunction,
Appellant Kent-Anderson Concrete, L.P. d/b/a Anderson Concrete Construction
Company complains in two issues that the trial court abused its discretion by
refusing to enjoin certain conduct of Appellee Donald J. Anderson, Jr. based on
the terms of a noncompete covenant between Anderson and Appellant and by
refusing to enjoin Appellees from completing job bids Appellees obtained
allegedly in violation of the noncompete covenant.  We will affirm.

II.  Factual
and Procedural Background








Appellee
Donald J. Anderson, Jr. owned Anderson Concrete Construction, Inc., a company
that provides commercial concrete products and services.  In 2001, Anderson and Appellant entered into
an asset purchase agreement, whereby Anderson agreed to sell the assets of
Anderson Concrete Construction, Inc. to Appellant.  Anderson also entered into a written
employment contract with Appellant. 
Approximately three years later, Anderson and Appellant entered into
another employment agreement (the AEmployment
Agreement@), which contained terms
prohibiting Anderson from soliciting Appellant=s
employees, restricting Anderson=s
ability to use Appellant=s confidential and proprietary
information, and restricting Anderson=s
ability to compete with Appellant in the commercial construction industry for a
period of two years after Anderson=s
employment with Appellant ended. 

In 2006,
Anderson, John Nailling, Steven Washburn, Brennan Webber, and Kenneth Washburn
(collectivey Aindividual Appellees@) were
each employed by Appellant.  Anderson
terminated his employment with Appellant, and shortly thereafter the individual
Appellees terminated their employment with Appellant and became employed by
Enterprise Concrete Management, L.L.C. (AEnterprise
Management@) and Enterprise Concrete
Construction, L.P. (AEnterprise Construction@).[2]  Shortly after the remaining Appellees began
their employment with Enterprise Management and Enterprise Construction,
Enterprise Construction secured five projects worth approximately $3 million;
Enterprise Construction had used Appellant=s
confidential or proprietary information to bid on four of these five
projects.  Appellant placed bids on three
of these projects but ultimately lost the bids to Enterprise Construction.  








Shortly
after the individual Appellees changed their employment, and after Enterprise
Management and Enterprise Construction began competing with Appellant for the
same concrete construction jobs, Appellant filed applications for a temporary
restraining order (ATRO@),
temporary injunctive relief, and permanent injunctive relief.  In its second amended application for a TRO,
temporary injunctive relief, and permanent injunctive reliefCthe live
pleadingCAppellant
alleged that Anderson had breached the Employment Agreement by violating
various noncompete covenants and alleged that all of the individual Appellees
had misappropriated Appellant=s trade
secrets.  The trial court granted
Appellant=s temporary injunction in part
and denied it in part. 

The
trial court enjoined Appellees from using any of Appellant=s
proprietary information and enjoined Appellees from soliciting the employment
of any of Appellant=s employees.  The trial court denied all of Appellant=s other
requests for injunctive relief, including Appellant=s
requests for an injunction to prevent (1) Anderson from engaging in any
business that performs concrete construction or from soliciting Appellant=s
customers and (2) Appellees from completing jobs they had already been
awarded.  Appellant timely filed its
notice of accelerated appeal[3]
and this appeal ensued.

III.  Standard
of Review for Temporary Injunctions








The
issue before the trial court in a temporary injunction hearing is whether the
applicant is entitled to preserve the status quo of the subject matter of the
suit until the case is tried on the merits. 
31‑W Insulation Co., Inc. v. Dickey, 144 S.W.3d 153, 156
(Tex. App.CFort Worth 2004, pet.
withdrawn); see also Davis v. Huey, 571 S.W.2d 859, 862 (Tex. 1978).  A temporary injunction is an extraordinary
remedy and does not issue as a matter of right. 
Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002).  To establish entitlement to a temporary
injunction, an applicant for a temporary injunction must plead and offer
evidence of (1) a cause of action against the defendant, (2) a probable right
to relief, and (3) a probable, imminent, and irreparable injury in the
interim.  Id.  These are the only legal issues before the
trial court at a temporary injunction hearing; the underlying merits of the
controversy are not presented.  See
Tom James of Dallas, Inc. v. Cobb, 109 S.W.3d 877, 882 (Tex. App.CDallas
2003, no pet.).  

In a
noncompete covenant context, the ultimate issue of whether the noncompete
covenant is enforceable is not before the trial court at a temporary injunction
hearing.  Id. at 884-85.  Accordingly, any appeal of an order granting
or denying a temporary injunction based on a noncompete covenant does not
present for appellate review the ultimate question of whether the covenant is
enforceable under applicable Texas law.  See
id. at 882-83, 85.  Instead, we review
only the trial court=s exercise of discretion.








The
decision to grant or deny a temporary injunction is within the trial court=s sound
discretion and that decision will only be disturbed for an abuse of that
discretion.  Butnaru, 84 S.W.3d at
204.  Therefore, we must view the
evidence in the light most favorable to the trial court=s order,
indulging every reasonable inference in its favor, and determine whether the
order was so arbitrary that it exceeds the bounds of reasonable
discretion.  IAC, Ltd. v. Bell
Helicopter Textron, Inc., 160 S.W.3d 191, 196 (Tex. App.CFort
Worth 2005, no pet.).  A trial court does
not abuse its discretion as long as there is some evidence to support the trial
court=s
decision.  Id.  Nor does a trial court abuse its discretion
if it bases its decision on conflicting evidence and some evidence supports its
decision.  Accord Griffin Indus. v.
Thirteenth Court of Appeals, 934 S.W.2d 349, 355 (Tex. 1996) (applying
abuse of discretion standard of review in mandamus context).  Moreover, the trial court does not abuse its
discretion by denying a temporary injunction if the movant failed to prove one
of the requirements for a temporary injunction. 
See Matrix Network, Inc. v. Ginn, 211 S.W.3d 944, 947 (Tex. App.CDallas
2007, no pet.); Cobb, 109 S.W.3d at 889.

IV.  No
Probable, Imminent, and Irreparable Injury








Appellant
was required to plead and offer evidence of, among other things, a probable,
imminent, and irreparable injury before the trial court could grant its
temporary injunction.  Butnaru, 84
S.W.3d at 204.  To plead and offer that
evidence, Appellant was required to demonstrate (1) imminent harm, (2) an
irreparable injury, and (3) the absence of an adequate remedy at law.  See Mabrey v. SandStream, Inc., 124
S.W.3d 302, 317 (Tex. App.CFort
Worth 2003, no pet.).  An injury is
irreparable if the injured party cannot be adequately compensated in damages or
if the damages cannot be measured by any certain pecuniary standard.  Butnaru, 84 S.W.3d at 204.  An adequate remedy at law is one that is as
complete, practical, and efficient to the prompt administration of justice as
is equitable relief.  Mabrey, 124
S.W.3d at 317.  A legal remedy may also
be inadequate if an award of damages would come too late.  Id. 
An injunction is not proper when the claimed injury is merely
speculative; fear and apprehension of injury are not sufficient to support a
temporary injunction. Fox v. Tropical Warehouses, Inc., 121 S.W.3d 853,
861 (Tex. App.CFort Worth 2003, no pet.);
Jordan v. Landry=s Seafood Rest., Inc., 89
S.W.3d 737, 742 (Tex. App.CHouston
[1st Dist.] 2002, pet. denied) (op. on reh=g).  

A.  Concerning Anderson Engaging in Concrete
Business








In its
first issue, Appellant contends that the trial court abused its discretion by
denying its application for a temporary injunction seeking to enjoin Anderson
from engaging in any business that performs concrete construction and from
soliciting or attempting to solicit its customers until a trial on the merits
because it pleaded and proved a viable breach of contract claim against
Anderson, probable right to relief, and a probable, imminent, and irreparable
harm.  Although Appellant and Appellees
both address whether Appellant pleaded and proved all three required elements
for temporary injunctive relief, our analysis focuses on whether Appellant pleaded
and offered evidence of a probable, imminent, and irreparable injury.  See Tex.
R. App. P. 47.1; Ginn, 211 S.W.3d at 947.

Appellant
argues that it established probable, imminent, and irreparable harm by
demonstrating that Anderson was employed as its president and chief executive
officer, that Anderson later became a consultant for one of Appellant=s
competitors, and that several of Appellant=s
employees left with Anderson and went to work with the same competitor.  While we acknowledge that these circumstances
could give rise to facts establishing probable, imminent, and irreparable harm,
the actual record before us at best contains conflicting evidence on this
issue.  The record does not affirmatively
show that Appellant would not have an adequate remedy at law, could not be
adequately compensated, or that damages could not be calculated by a certain
pecuniary standard if the trial court failed to temporarily enjoin Anderson from
engaging in the concrete business pending trial.








At the
temporary injunction hearing, the trial court heard the testimonyCmostly
by depositionCof Keith Collinsworth, Appellant=s
president, Daniel Hoppe, one of Appellant=s
estimators, Dennis Motley, Appellant=s Vice
President of sales and estimating, Anderson, Nailing, Webber, Steven Washburn,
and Kenneth Washburn.  But none of these
witnesses discussed harm that could or would arise by or from Anderson
continuing to work in the concrete construction industry, other than harm
incurred by the construction jobs lost to Enterprise Construction.  As discussed below, the trial court concluded
that this type of harm was purely economic and went to Appellant=s issue
regarding Enterprise Construction=s
ability to complete those jobs and not to any harm incurred by allowing
Anderson to continue work in the concrete construction industry.








Consequently,
we cannot hold, based on the record before us, that the trial court abused its
discretion by denying a temporary injunction based on the evidence presented to
him.  See Griffin Indus., 934
S.W.2d at 355. (discussing standard of review); Ginn, 211 S.W.3d at 947
(holding that speculative injuries are not sufficient to demonstrate probable,
imminent, and irreparable harm); Fox, 121 S.W.3d at 861 (holding that
trial court abused its discretion by granting temporary injunctive relief
because the evidence of a probable, imminent, and irreparable injury was merely
speculative).  Under the abuse of
discretion standard of review, we are prohibited from concluding that the trial
court abused its discretion simply because we would have ruled
differently.  See, e.g., Walker
v. Packer, 827 S.W.2d 833, 839‑40 (Tex. 1992).  We overrule Appellant=s first
issue.

B.  Concerning Completing Jobs Awarded

 

In its
second issue, Appellant contends that the trial court abused its discretion by
denying its request for injunctive relief enjoining Appellees from completing
jobs they were awarded as a direct result of misappropriating Appellant=s Atrade
secrets.@[4]  Appellant specifically argues that its
goodwill was injured when Enterprise Construction bid on these projects  and that it lost part of its clientele when
the trial court allowed Enterprise Construction to complete these projects and
establish relationships with its longstanding customers.  Appellees contend, however, that Appellant
has an adequate remedy at law for prevention or redress of any wrong arising
from the completion of these contracts. 








The
record demonstrates that at the time of the injunction hearing, Enterprise
Construction had been awarded a total of five contracts.  Of those five contracts, Appellant placed
bids on three of them, but ultimately lost the bids to Enterprise
Construction.  At the injunction hearing,
Keith Collinsworth, Appellant=s
president, testified that he was not one hundred percent certain that Appellant
would have been awarded those construction projects if Enterprise Construction
had not bid on them.  Then the following
exchange occurred:

Appellant=s Counsel:     If in fact you did lose those jobs because
of Enterprise, . . . are you . . . able to determine the amount of damages that
you would incur as a result of losing these jobs?  In other words, your lost profit?

 

Collinsworth:              Yes, sir, we would know what our
revenue would be.

 

The
trial court found that the damages with respect to these construction projects
were Amonetary
damages, . . . lost profits, and that there=s really
no injunctive relief available for that.@  Nothing in the record demonstrates that
Appellant proved that monetary damages would not adequately compensate
Appellant or could not be measured by any certain pecuniary standard.  Nor does the record reflect that an award of
damages would come too late.








Under
our standard of review, we cannot hold that the trial court abused its
discretion if it bases its decision on conflicting evidence and some evidence
supports its decision.  See Griffin
Indus., 934 S.W.2d at 355.  After
reviewing the evidence in the light most favorable to the trial court=s ruling
and indulging every reasonable inference in its favor, we hold that there is
evidence supporting the trial court=s ruling
and that the trial court did not abuse its discretion by denying Appellant=s
application for injunctive relief requesting that the trial court enjoin
Appellees from completing these construction projects.  See IAC, Ltd., 160 S.W.3d at 196.  Accordingly, we overrule Appellant=s second
issue.

V.  Conclusion

Having
overruled both of Appellant=s
issues, we affirm the trial court=s
judgment.  See Tex. R. App. P. 43.2(a).

 

 

                        SUE WALKER

                        JUSTICE

 

 

PANEL B:  LIVINGSTON, WALKER, and MCCOY, JJ.  

 

 

DELIVERED: July 26, 2007

 











[1]See Tex. R. App. P. 47.4.





[2]Anderson, his wife, and
attorney Kelly Massad created these entities on April 26, 2006.  Anderson terminated his employment with
Appellant at Athe end of April.@ 





[3]See Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(a)(4) (Vernon
Supp. 2006); Tex. R. App. P.
28.1.  





[4]Appellant describes this
information as Atrade secrets,@ even though the trial
court order describes the same information as Aconfidential information@ or Aproprietary information.@